```
           UNITED STATES DISTRICT COURT
            MIDDLE DISTRICT OF FLORIDA
                  TAMPA DIVISION

JOHN FABING and MARY FABING,

         Plaintiffs,

v.                              Case No.  8:12-cv-2624-T-33MAP

LAKELAND REGIONAL MEDICAL
CENTER, INC., JACK STEPHENS,
PETERSON & MYERS, P.A., and
PETER E. PUTERBAUGH,

         Defendants.
_____/
```

**ORDER**

The Fabings allege that the nurses at Lakeland Regional Medical Center abused and neglected Mary Fabing, an adult over the age of 65, during her May 21, 2011, stay at the Hospital. The Fabings filed a scattershot amended complaint against the Hospital and others on December 18, 2012. (Doc. # 6). The Defendants filed a Motion to Dismiss (Doc. # 7) on January 10, 2013, asserting that the federal claims are baseless and that the Court should decline to exercise supplemental jurisdiction over the pendant state law claims. After considering the Fabings' responsive submissions, the Court grants the Motion to Dismiss.

**I.   Background**

On May 21, 2011, while Mrs. Fabing was a Hospital patient, a nurse "slammed" Mrs. Fabing's head against the bed

railing causing a "tennis ball sized lump and redness." (Doc. # 6 at 5). The Hospital's nurses also left Mrs. Fabing soaked in her own urine for two hours. Id. at 6. In addition, the nurses incorrectly administered blood to Mrs. Fabing through a stint, causing blood to leak and drip onto her bed. Id. Mrs. Fabing asked to speak to a social worker, and the nurses responded that the social workers were not available on weekends. Id. Mrs. Fabing was thereafter discharged from the Hospital.

The Fabings assert that Mrs. Fabing now has "psychotic flashbacks" and nightmares about her stay at the Hospital. Id. at 7. They contend that Mrs. Fabing suffered from a heart attack on September 11, 2012, "brought on by these reoccurring nightmares." Id.

On November 20, 2012, the Fabings filed a pro se lawsuit in this Court against the Hospital, Jack Stevens (a former CEO of the Hospital), Peterson & Myers, P.A. (the lawfirm representing the Hospital) and Peter E. Puterbaugh, Esq. (the Hospital's general counsel). (Doc. # 1). The Fabings sought to proceed in forma pauperis. (Doc. ## 2, 3). On December 4, 2012, this Court denied the motion to proceed in forma pauperis and noted that the complaint "fails to state a claim upon which relief can be granted and appears patently

2

frivolous . . . [n]onetheless, the Plaintiffs will be afforded an opportunity to amend their complaint." (Doc. # 5 at 1-2).

On December 18, 2012, the Fabings filed their amended complaint, accompanied by the filing fee of $350.00. (Doc. # 6). The amended complaint is not divided into counts, does not contain numbered paragraphs, and is not presented in an orderly fashion.[1] Rather, the Fabings enumerate a plethora of alleged criminal and civil violations under both federal and state law. The Fabings mention the following statutes, among other legal provisions, but do not address the particular elements of any specific cause of action: Title II of the Americans with Disabilities Act; the Rehabilitation Act; the Federal Tort Claims Act; 2 U.S.C. § 1964; 42 U.S.C. §§ 1981, 1983, 1988; Title VII of the Civil Rights Act of 1964; and Florida Statutes §§ 414.101, 415.1034, 825.103, 825.104, 784.08(1). The Fabings seek economic damages, non-economic damages, punitive damages, treble damages, injunctive relief, and declaratory relief. The total amount of damages sought exceeds $1.7 million.

The Defendants filed a Rule 12(b)(6) Motion to Dismiss

---

[1] Defendants' contention that the amended complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure is an understatement.

3

(Doc. # 7) on January 10, 2013. On January 24, 2013, the Fabings filed their "Motion to Declare Defendants Motion to Dismiss a Sham and Motion for Summary Final Judgment," which this Court construes as the Fabings' response to the Motion to Dismiss. (Doc. # 8).[2] The Defendants responded to the Fabings' submission (Doc. # 9) on February 8, 2013. (Doc. # 9). On February 12, 2013, the Fabings filed an Emergency Motion for a hearing on their "Motion to Declare Defendants Motion to Dismiss a Sham and Motion for Summary Final Judgment." (Doc. # 10). The Court determines that a hearing is unnecessary, and the Court dismisses the amended complaint as follows.

## II. Legal Standard

On a motion to dismiss, this Court accepts as true all

---

[2] Although titled as a Motion for Summary Judgment, the Court finds that the Fabings' submission (Doc. # 8) does not warrant Rule 56 summary judgment analysis. The Motion is prematurely asserted before the commencement of any discovery, and the Motion does not contain or cite to any evidence bolstering the Fabings' claims or indicating why they are entitled to judgment as a matter of law. In addition, to the extent the Motion seeks an order striking Defendants' Motion to Dismiss, that request is denied. Motions to strike are disfavored due to their "drastic nature." Royal Ins. Co. of Am. v. M/Y Anastasia, No. 95-cv-30498, 1997 U.S. Dist. LEXIS 15595, at *10 (N.D. Fla. Jan. 30, 1997). The Fabings have not demonstrated that any of Defendants' submissions are subject to the draconian sanction of being stricken under Rule 12(f), Fed.R.Civ.P., or other governing law.

4

the allegations in the complaint and construes them in the light most favorable to the plaintiff. <u>Jackson v. Bellsouth Telecomms.</u>, 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. <u>Stephens v. Dep't of Health & Human Servs.</u>, 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)(internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986).

**III. Analysis**

    **A. The Americans with Disabilities Act and Rehabilitation Act**

The Fabings assert that Defendants violated Title II of the Americans with Disabilities Act. Title II of the ADA

5

provides a private cause of action in the instance of disability discrimination by a public entity: "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "Only public entities are liable for violations of Title II of the ADA." Edison v. Douberly, 604 F.3d 1307, 1308 (11th Cir. 2010). The Fabings do not plead facts demonstrating that the Hospital is a "public entity."

In addition, the individual defendants--Stevens and Puterbaugh--as well as the lawfirm--Peterson & Myers, P.A.--cannot be "public entities" under the ADA by virtue of the plain language of the statutory definition, which defines "public entity" as "any State or local government" or "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131. As explained in Schiavo ex rel. Schindler v. Schiavo, 358 F. Supp. 2d 1161, 1165 (M.D. Fla. 2005), the existence of a "public entity" is "an essential element of a Title II claim."

Even assuming, for the sake of argument, that the Hospital was a public entity, the Fabings' Title II claim is

6

subject to dismissal because the amended complaint fails to include factual allegations that plausibly suggest that the Hospital denied Mrs. Fabing full and equal enjoyment of its services on the basis of Mrs. Fabing's alleged disability. Id.

The Court also notes that, had the Fabings asserted their claim pursuant to Title III of the ADA, the outcome would be the same because the amended complaint is devoid of allegations of disability discrimination. Any claim asserted under the Rehabilitation Act, 29 U.S.C. § 794, fails for the same reason: the complete absence of allegations plausibly suggesting that Mrs. Fabing was discriminated against by the Defendants on the basis of a disability. Accordingly, the Fabings' claims predicated upon the ADA and the Rehabilitation Act are dismissed.

### B.   The Federal Tort Claims Act

The Fabings are not entitled to relief under the Federal Tort Claims Act because they are not obtaining relief from the Federal Government, and they have not alleged that any of the Defendants are employed by the Federal Government. See United States v. Orleans, 425 U.S. 807, 813 (1976)("The Federal Tort Claims Act is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the

scope of their employment."); Tisdale v. United States, 62 F.3d 1367, 1371 (11th Cir. 1995)("Suits under the FTCA are limited to those which involve claims arising from the negligent or wrongful act or omission of any employee of the Government acting within the scope of his office or employment.")(internal citation omitted).  The amended complaint does not contain factual allegations bringing this action within the limited ambit of the Federal Tort Claims Act, and any claims predicated upon the FTCA are accordingly dismissed.

**C.   Section 1983**

It appears that the Fabings seek redress pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

"It is well-established that section 1983 itself creates no substantive rights; it merely provides a remedy for deprivations of federal rights established elsewhere." Wideman v. Shallowford Community Hosp., Inc., 826 F.2d 1030, 1032 (11th Cir. 1987).  The Eleventh Circuit has explained:

8

"To sustain a cause of action based on section 1983, the [plaintiffs] must establish two elements: (1) that they suffered a deprivation of rights, privileges or immunities secured by the Constitution and laws of the United States, and (2) that the act or omission causing the deprivation was committed by a person acting under color of law." Wideman, 826 F.2d at 1032.

The Fabings' purported section 1983 claim is fatally flawed because the Fabings fail to identify a violation of federal law. Even if they had identified an alleged federal violation, the Fabings cannot show that the alleged violation was committed by a person acting under color of state law. This claim is therefore subject to dismissal.

### D. Section 1981

The Fabings also invoke 42 U.S.C. § 1981, which states:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licences, and exactions of every kind, and to no other.

In Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 474 (2006), the Court explained, "Among the many statutes that combat racial discrimination, § 1981 . . . has a specific function:

It protects the equal right of all persons within the jurisdiction of the United States to make and enforce contracts without respect to race." (internal quotation marks omitted).

The factual allegations in the amended complaint, construed broadly and with an understanding that the Fabings are pro se, simply do not fall within the parameters of a section 1981 claim. The allegations have no relationship to racial discrimination or the power to make and enforce contracts. Accordingly, the Fabings' section 1981 claim is dismissed.[3]

### E. Other Federal Statutes

The Fabings also make mention of 2 U.S.C. § 1964 and Title VII of the Civil Rights Act of 1964. Both statutes are out of place in this suit. Specifically, 2 U.S.C. § 1964 governs "Capitol police powers and duties" and sets forth provisions for security systems protecting Capitol buildings and grounds. Title VII of the Civil Rights Act of 1964, relating to workplace discrimination, is similarly inapposite.

### F. Supplemental Jurisdiction

---

[3] While the Fabings also mention 42 U.S.C. § 1988, the Court notes that this section does not supply an independent cause of action applicable to this case.

Having dismissed each of the Fabings' federal claims, the Court determines that it is appropriate to decline to exercise supplemental jurisdiction over the Fabings' remaining civil claims, which are asserted under state law. Diversity jurisdiction is not present in this case, and the Court finds that judicial economy and fairness to the parties are not served by retaining the state law claims.[4]

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Motion to Dismiss (Doc. # 7) is **GRANTED**.

(2) The Clerk is directed to terminate all pending motions and to Close this Case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 15th day of February 2013.

                          VIRGINIA M. HERNANDEZ COVINGTON
                          UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record

---

[4] It is not necessary to address the Fabings' criminal allegations, as the Fabings lack standing to assert criminal claims against Defendants, even in light of Mr. Fabing's assertion that he is acting as a "private attorney general." (Doc. # 6).